NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29986
15-NOV-2010
07:49 AM**

NOS. 29984, 29985, and 29986

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. 29984
IN THE INTEREST OF BP CHILDREN
(FC-S NO. 07-11351)
AND
NO. 29985
IN THE INTEREST OF NP
(FC-S NO. 07-11352)
AND
NO. 29986
IN THE INTEREST OF B CHILDREN
(FC-S NO. 07-11353)


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

In this consolidated appeal of Nos. 29984, 29985, and 29986,[1] Appellant Father (Father) appeals from the Orders Awarding Permanent Custody and Establishing a Permanent Plan filed on June 23, 2009 in FC-S Nos. 07-11351, 07-11352, and 07-11353, respectively, in the Family Court of the First Circuit[2] (family court).

---

[1]  The order consolidating appeal Nos. 29984, 29985, and 29986 was filed on September 22, 2009 by this court.

[2]  The Honorable Nancy Ryan presided.

On appeal, Father contends that he successfully completed his court-ordered service plan and, therefore, established that he can provide a safe family home for his children, AB, JB, NB, EB, and RB[3] (collectively, the children). He also contends that "[t]here is no finding as to why or how the permanent plan will assist in achieving the goal of adoption."[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's points of error as follows:

(1) The family court did not err by finding that Father was not willing and able and it was not reasonably foreseeable that Father would become willing and able to provide the children with a safe family home, even with the assistance of a service plan. Despite Father's completion of anger management, domestic violence, and parenting classes, Father demonstrated that he was not able to utilize the information from such services. Since the children were first placed in foster custody in April 2007, Father has denied that he physically abused Mother and the children. In response to DHS's Petition for Temporary

---

[3] There is also a sixth child, SP, who is Father's step-child, but SP is not involved in this appeal.

[4] HRS § 587-73(a)(3) (2006 Repl.) provides:

§587-73 **Permanent plan hearing.**
. . . .

(3) The proposed permanent plan will assist in achieving the goal which is in the best interests of the child; provided that the court shall presume that:

(A) It is in the best interests of a child to be promptly and permanently placed with responsible and competent substitute parents and families in safe and secure homes; and

(B) The presumption increases in importance proportionate to the youth of the child upon the date that the child was first placed under foster custody by the court[.]

2

Foster Custody, Father stated that was Mother who physically and psychologically abused him for eight years. This was contrary to DHS's reporting that Mother was hospitalized due to depression and Post Traumatic Stress Disorder from being a victim of domestic violence for ten years during her relationship with Father.

After completing services, Father continued to deny that he had abused Mother. During a permanent plan hearing in April 2009, Father stated that he believed his children were being coached by his in-laws to tell the children's therapist that they are afraid of Father.

Father admitted that he pled guilty to Harassment and Abuse of a Household or Family Member involving Mother. Yet, Father denied that he broke Mother's foot and claimed that Mother kicked him. Father also denied that he was violent. Father then accused the maternal grandparents, who were also the children's foster parents, of "probably raping and molesting and pimping" the children. Father believed that the maternal grandfather was raping AB. He then accused SP's stepfather of pimping his children.

Father is unable or unwilling to recognize the documented harm to his children even with the uncontroverted evidence of a prior conviction involving domestic violence. Instead, Father leveled unsupported accusations against a broad range of people involved with his children's care. There is clear and convincing evidence that Father cannot adequately recognize and differentiate between harm and/or threatened harm to his children and, therefore, cannot provide a safe family home, presently or in the reasonably foreseeable future, even with the assistance of a service plan.

(2) Father's claim that there are insufficient findings of fact to support adoption as a goal in the permanent plan and as in the best interest of the children is without merit. Father did not point to where in the record he objected

3

to adoption in the permanent plan. We cannot find any instance where Father objected to the permanent plan's goal of adoption. The presumption under HRS § 587-73(a)(3) that prompt and permanent placement of the children is in the children's best interest has not been rebutted by Father.

Therefore,

IT IS HEREBY ORDERED that the Orders Awarding Permanent Custody and Establishing a Permanent Plan filed on June 23, 2009 in FC-S Nos. 07-11351, 07-11352, and 07-11353 in the Family Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, November 16, 2010.

On the briefs:

Herbert Y. Hamada
for Father-Appellant.

Jay K. Goss and
Mary Anne Magnier,
Deputy Attorneys General
for Petitioner-Appellee
Department of Human Services.

Presiding Judge

Associate Judge

Associate Judge

4